IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01884-SKC-KAS

AMIRA FARIS,

     Plaintiff,

v.

NEIGHBOR TO NEIGHBOR, INC.,

     Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

     This matter is before the Court on Defendant's **Motion to Restrict Access to Exhibits to Be Used in Motion Hearing** [#68] (the "Motion"). Defendant seeks to restrict ten exhibits submitted for the Motion Hearing held on October 28, 2025. *Exhibits 1-10* [#69-#78]. Defendant explains that the documents were marked Confidential pursuant to the parties' Protective Order because they discuss Plaintiff's confidential medical information. *Motion* [#68] at 2. In accordance with D.C.COLO.LCivR 7.2(d), the Motion [#68] was publicly posted to allow for any objections to the Exhibits' sealing. No timely objections were filed.

     The Exhibits include the complete deposition transcript of Winnie Siwa, LPC, Plaintiff's former mental health care provider, and Plaintiff's treatment records. *Exhibit 1-10* [#69-#78]. The Court recognizes "the privacy interest inherent in personal medical information can overcome the presumption of public access." *United States v. Dillard*, 795 F.3d 1191, 1205-06 (10th Cir. 2015). Ms. Siwa's deposition and Plaintiff's treatment records include discussion of Plaintiff's confidential medical information. However, in this lawsuit, Plaintiff has specifically asserted that she has suffered emotional pain and suffering, mental anguish, emotional distress, and loss of enjoyment of life because of Defendant's actions. *Compl.* [#1] at 21, 22, 24, 25. In Plaintiff's withdrawn expert disclosures, she claimed that following her termination from employment, she experienced worsening symptoms of anxiety, palpitations, chills, panic, nightmares, and other related symptoms, which have significantly impacted her day-to-day activities. *Pl.'s Expert Disclosures* [#40-1] at 2; *see also S. Woods-J. Duvall Email (dated Sept. 2, 2025)* [#51-4] at 1 (regarding withdrawal of expert designation). In those same disclosures, Plaintiff claimed that her heightened anxiety and stress manifested in physical symptoms, including a racing heart, tension in the shoulders and neck, headaches, and nausea. *Id.* at 3. Plaintiff seeks more than $500,000 for these emotional distress damages, plus more

than $500,000 for punitive damages. *See Pl.'s Initial Rule 26(a)(1) Disclosures* [#40-2] at
8-9.

Where, as here, a plaintiff's medical condition is directly at issue, courts are
reluctant to restrict related medical records. *See Ryan v. Corr. Health Partners*, No. 18-
cv-00956-MSK-MEH, 2020 WL 6134912, at *13 (D. Colo. Oct. 19, 2020) (denying motion
to restrict medical records because the plaintiff "put her medical condition at issue as part
of her claims" and "the records contain information that is central to the issues implicated
in this case"); *cf. Hill v. Corr. Corp. of Am.*, No. 14-cv-02960-MSK-MJW, 2016 WL
8925432, at *8 (D. Colo. June 20, 2016) ("Although the Court concedes that [the plaintiff]
has some privacy interest in his medical records, that privacy interest is voluntarily
compromised when he brings a lawsuit that necessarily concerns his medical condition
and the treatment he received.").

Here, the Court finds that most of the hearing exhibits contain information that is
central to Plaintiff's claims; therefore, restriction is not appropriate for those exhibits.
Consequently, the Clerk of Court is directed to **UNRESTRICT the following exhibits**:

- Deposition of Winnie Siwa, LPC, Motion Hearing Exhibit 1 [#69];
- Counseling Intake Note, Motion Hearing Exhibit 2 [#70];
- Generalized Anxiety Disorder Testing, Motion Hearing Exhibit 4 [#72];
- Health Depression Questionnaire, Motion Hearing Exhibit 5 [#73];
- December 19, 2023 Progress Note, Motion Hearing Exhibit 6 [#74];
- December 19, 2023 Treatment Plan, Motion Hearing Exhibit 7 [#75];
- January 5, 2024 Progress Note, Motion Hearing Exhibit 8 [#76];
- January 19, 2024 Progress Note, Motion Hearing Exhibit 9 [#77]; and
- March 17, 2024 Counseling Termination Notes, Motion Hearing Exhibit 10
[#78].

However, the Court finds that the following hearing exhibit contains information
that is not central to Plaintiff's claims, including information that implicates the privacy
interest of nonparties, such as Plaintiff's family members. Consequently, the Clerk of
Court is directed to **MAINTAIN the Level 1 restricted status of the following exhibit**:

- Adverse Childhood Experiences Questionnaire, Motion Hearing Exhibit 3 [#71].

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#68] is **DENIED in part and GRANTED
in part.** The Clerk of Court is directed to **UNRESTRICT** Exhibits 1-2 [#69, #70] and
Exhibits 4-10 [#72, # 73, #74, #75, #76, #77, #78].

Dated:   November 26, 2025